UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 14-282 |
| KEVIN WALKER | SECTION: "J" |

### ORDER & REASONS

Before the Court is a *Motion for Early Termination of Supervised Release* **(Rec. Doc. 616)**, filed by Defendant, Kevin Walker, and opposition thereto (Rec. Doc. 618), filed by the Government. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's *Motion for Early Termination of Supervised Release* **(Rec. Doc. 616)** is **GRANTED.**

### FACTS AND PROCEDURAL BACKGROUND

Defendant, Kevin Walker was charged along with 11 other defendants as part of his participation in street-level heroin distribution. (Rec. Doc. 618, at 1). Walker pleaded guilty to two counts: conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin and conspiracy to possess firearms in furtherance of a drug distribution conspiracy. *Id.* at 2. He was sentenced to 72 months imprisonment for each count to be served concurrently with credit for time served. (Rec. Doc. 526, at 2). He was also sentenced to four years of supervised release as to the heroin count and three years of supervised release as to the firearm count. (Rec. Doc. 618, at 2). Walker was released on March 27, 2020. *Id.* His supervised release should therefore terminate on March 26, 2024. *Id.*

1

## LEGAL STANDARD

Congress has provided the following framework for considering the termination of supervised release:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). Among the factors to weigh are the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a).

## DISCUSSION

Defendant Walker has completed over half of his supervised release term. (Rec. Doc. 618, at 4). Walker asserts and the U.S. Probation Office agrees that he has been compliant with the terms of his supervised release. *Id.* at 3. He is being supervised at a low threat level via the Electronic Reporting System. *Id.* Since his release, Walker has moved to Texas to be near his family and his two sons, ages 10 and 12, and to "be away from New Orleans and away from the influences in [his] life that are present there." (Rec. Doc. 616, at 10). Walker has maintained stable employment since his release. (Rec. Doc. 618, at 3). Walker successfully completed a non-

residential drug program while incarcerated and was not recommended for further therapy by his treatment provider. (Rec. Doc. 616, at 12). His Probation Officer, Raegin Hart, states that Walker has "complied with his special conditions, paid his special assessment, and has no positive urine screens." *Id.* Officer Hart does not oppose Walker's request to terminate his period of supervised release. *Id.*

The Government has filed an opposition (Rec. Doc. 618) against Walker's *Motion to Terminate Supervised Release*. (Rec. Doc. 616). The Government agrees that Walker is "succeeding in transitioning to civilian life, which suggests that supervised release thus far has served its purpose." (Rec. Doc. 618, at 3). However, the Government asserts that further supervision is necessary to ensure that Walker "continues on his path to being a fully law-abiding citizen." *Id.* The Government states that it would not oppose any motion by Walker to seek modification of the terms of his supervised release to ensure he can continue gainful employment. *Id.* at 4. The Government also states that if Walker is fully compliant and without violation for another year, the government would "welcome a motion to revisit early termination." *Id.*

Walker has been under supervised release for approximately two years and six months. The Government suggested that they would not object to an early termination of Walker's supervised release in one year provided he remained fully compliant up until that time. (Rec. Doc. 618, at 4). Because of his compliance and because of the Government's willingness to consent to an early termination at a later date, Walker's period of supervised release is hereby terminated.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant, Kevin Walker's, *Motion for Early Termination Supervised Release* **(Rec. Doc. 616)** is **GRANTED**.

New Orleans, Louisiana, this 24th day of October, 2022.

                                        CARL J. BARBIER
                                        UNITED STATES DISTRICT JUDGE